## S01A1481. BONAPARTE v. THE STATE.
(558 SE2d 383)

FLETCHER, Chief Justice.

A jury convicted Bryce Bonaparte of felony murder, aggravated assault with intent to rob, armed robbery, and burglary, arising from his participation in a home invasion that resulted in the shooting death of one of the residents, Pablo Rivera.[1] On appeal, Bonaparte contends that there was insufficient evidence to support his convictions. Because we find that the evidence was sufficient to support the jury's verdict and Bonaparte's other enumerations of error are also without merit, we affirm Bonaparte's convictions.

1. On August 27, 1999, Bonaparte was drinking beer and smoking marijuana with three companions, John Mallard, Lonnie Foster, and Andre Tickles, when he suggested that they commit a robbery. The four men drove to an apartment complex in DeKalb County and, while Tickles waited in the car, Bonaparte and the other two forced their way into an occupied apartment. They robbed the residents, and one of Bonaparte's accomplices shot to death Pablo Rivera, who had been asleep in his bedroom before being awakened by the robbers.

Based on descriptions from the surviving victims, the police stopped Bonaparte and his three companions later that evening, finding three handguns and a crucifix belonging to one of the victims in the car. One of the apartment's residents identified Bonaparte that evening during a police show-up and identified Bonaparte again at trial.

After being arrested, Bonaparte spontaneously commented to an officer, "Man, it ain't looking too good for me." Bonaparte thereafter waived his *Miranda*[2] rights and confessed to entering the apartment with his accomplices, although he claimed it was to ask for a beer, not to rob the occupants.

We conclude that there was sufficient evidence corroborating the testimony of Bonaparte's accomplice Tickles, who testified for the State. Taking the evidence in the light most favorable to the jury's verdict of guilty, we conclude that there was sufficient evidence from

---

[1] The crimes occurred on August 27, 1999. A grand jury indicted Bonaparte in November 1999, and a jury convicted him on April 19, 2000. The court sentenced him to life imprisonment for felony murder, ten years imprisonment for aggravated assault, and fifteen years imprisonment for the two armed robbery convictions, with the sentences for aggravated assault and armed robbery to run consecutively to the felony murder sentence, but concurrently with one another. Bonaparte filed his motion for new trial on May 16, 2000 and amended it on February 22, 2001. The trial court denied the motion for new trial on May 18, 2001. Bonaparte filed a notice of appeal on June 11, 2001. The case was docketed in this court on July 6, 2001 and submitted for decision on August 27, 2001.

[2] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

which a rational trier of fact could have found Bonaparte guilty of the crimes for which he was convicted.[3]

2. Bonaparte also alleges that the trial court erred in admitting his statements to the police. The police read Bonaparte his *Miranda* rights, and he signed a *Miranda* waiver form. There was no evidence that Bonaparte was coerced or that his confession otherwise was not freely and voluntarily made. Accordingly, we find that the trial court did not err in admitting Bonaparte's statements.

3. Bonaparte's final enumeration of error is that a videotape of the crime scene was unduly inflammatory because it showed a bedroom in the apartment that contained a baby's crib even though no baby was present during the robbery. The videotape to which Bonaparte objects was played to the jury, and a police detective identified the different areas of the apartment while the jury watched. He did not mention the baby's crib, and the bedroom with the crib was only one part of the overall videotape. We hold that the inclusion of the baby's crib in the videotape of the crime scene was not reversible error.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 14, 2002.

*Demetria N. Williams*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Robert E. Statham III, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

---

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See *Thomas v. State*, 274 Ga. 156, 162 (549 SE2d 359) (2001); *McGee v. State*, 267 Ga. 560, 565-566 (480 SE2d 577) (1997).